UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ASSA REALTY, LLC,

*Plaintiff,*

-against-

FEYYAZ OCALAN, and CASSA HOUSING LLC,

*Defendants.*
-------------------------------------------------------------X

Docket No.: ____________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Assa Realty, LLC, by and through its attorney, Richard J. Migliaccio, Esq., by way of complaint against all Defendants, respectfully alleges:

**THE PARTIES**

1. Plaintiff, Assa Realty, LLC ("Plaintiff"), is a limited liability company that exists pursuant to the laws of the State of New York with its principal place of business at 410 Park Avenue, Ste. 1630, New York, New York.

2. Feyyaz Ocalan is a natural person, who resides at or who's principle place of business is located at, 1075 S. Jefferson Street, Apt. # 106, Arlington, VA 22204.

3. Cassa Housing LLC, is a limited liability company existing pursuant to the laws of the State of Virginia, and whose principal place of business is 2111 Jefferson Davis Hwy, Ste. 4205 Arlington Va 22202.

4. Defendants, either individual or jointly, have done or are doing business as Cassa Housing Washington D.C., DC Intern Housing-Cassa Housing, DC Intern Housing or Cassa Housing.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 29 U.S.C. §1338 in that this case arises pursuant to the Lanham (Trademark) Act, 15 U.S.C. §1051, *et seq*. Jurisdiction over the related state-law claims exists pursuant to 28 U.S.C. §1367.

6. This Court has personal jurisdiction over Defendants because they conduct business in this judicial district, including committing acts of trademark infringement as alleged herein.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

8. Plaintiff is the owner of and developer of various hotel and residential projects.

9. All of Plaintiff's hotel and condominium projects prominently bear and use the CASSA mark.

10. Plaintiff is the owner of a federal trademark registration for the CASSA mark for the development of residential, commercial and hotel properties, U.S. Registration No. 5,082,510. A copy of the U.S. Registration No. 5,082,510 is attached as Exhibit A.

11. Plaintiff's application for U.S. Registration, Application No. 85955568, was filed on June 10, 2013.

12. On June 7, 2016, Plaintiff requested that its application be divided and such request was granted which divided Plaintiff's application into a parent application, Application No. 85955568, and a child application, Application No.: 85984149.

13. Registration for the Child Application issued on November 15, 2016, Reg No.: 5,082,510 for class 37, real estate development and construction of commercial, residential and hotel property. See Exhibit A.

14. The Parent Application is still pending for Class 36, lease of real estate, real estate services, including condominium and real estate management services such as rental of vacation homes, condominiums, cabins, and villas using the internet; and class 43, hotel, resort and restaurant services.

15. Plaintiff commenced using the CASSA mark in commerce at least as early as March 15, 2009, both nationally and internationally, and has continuously used the mark since that time in connection with its real estate development business, i.e. the development, of residential, commercial and hotel properties; its leasing and management of real estate including condominiums, apartments, vacation homes and condominiums, as well as hotel, resort and restaurant services. Plaintiff's hotel and condominium projects have continually been bearing the CASSA mark.

16. As a result of Plaintiff's use of the CASSA mark in commerce, Plaintiff has common law rights in the CASSA mark.

17. Through Plaintiff's extensive advertising, marketing and promotion of its projects bearing the CASSA mark, the mark and its associated derivatives have become distinctive of Plaintiff's real estate, residential, commercial, hotel and condominium projects,

developments and management, and are a valuable business asset of Plaintiff that represents significant goodwill.

18. Upon information and belief, at least as earlier as November, 2015, but no earlier than July, 2013, Defendants commenced using the CASSA mark for its rental business.

19. Upon information and belief, Defendants are in the business of renting condominiums, rooms, apartments, or residential units in and around the Washington, D.C, and Arlington, Virginia, metropolitan area.

20. Defendants no early than July, 2013, set up a Website using the domain www.cassahousing.com that used photographs of condominiums, apartments, and bedrooms to promote its services and prominently displayed the CASSA mark in connection with its renting, leasing and management services.

21. In addition to Defendants' website, Defendants, upon information and belief, also market and promote their rentals to customers using social medial websites, including Facebook and Twitter.

22. Defendants, either individual or jointly, operate or operated through several d/b/a designations, such as DC Intern Housing-Cassa Housing, DC Intern Housing, Cassa Housing Washington D.C and Cassa Housing.

23. Defendants intended or intend, by use of the internet and social media, on a national and international campaign that also targets, focuses or directs its advertisement into the State of New York and the people living or working in the State of New York.

24. On December 11, 2015, Plaintiff sent Defendants' entities a cease and desist letter demanding that they and all their affiliates stop using the CASSA mark.

25. On January 21, 2016, a follow up cease and desist letter was sent directly to Defendant, Feyyaz Ocalan.

26. Defendants' use of the CASSA mark in connection with their advertising and leasing of condominiums, apartments, and rooms violates Plaintiff's trademark rights, as it is likely to cause and has, in fact, caused confusion and mistake among consumers. Consumers have been confused or deceived, and are likely to continue to be consumed or deceived as to the origin or source of Defendants' services and as to whether Defendants services are provided, sponsored, or endorsed by Plaintiff.

27. Defendants' infringement of Plaintiff's CASSA mark is willful and deliberate. It has continued despite Defendants actual notice of Plaintiff's trademark rights and its request that Defendants cease use of the CASSA mark.

**AS AND FOR A FIRST CLAIM**
**AGAINST ALL DEFENDANTS**
**(Trademark Infringement 15 U.S.C. § 1114)**

28. Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "27" of the Complaint.

29. Plaintiff holds a valid and existing federal registration for the trademark CASSA and those derived or otherwise related marks thereto.

30. Plaintiff has built tremendous goodwill in these marks, which goodwill represents a substantial and valuable business asset.

31. Defendants have, either individual or jointly and severally, marketed, advertised, developed, operated, managed, rented, and leased, and continues to market, develop, advertise, operate, manage, rent, and lease condominiums, houses, apartments, rooms and other

real property using the CASSA mark. Those goods and services are advertised or otherwise held out to the world through the internet, including at least through Defendants' websites.

32. Feyyaz Ocalan has aided and assisted Cassa Housing LLC, in the unauthorized exploitation of the CASSA mark on Defendants' websites, in their advertisements and marketing, and in other media for their own financial gain.

33. Defendants' use of the CASSA mark, either individually or jointly and severally, is done without the authorization or consent of Plaintiff and constitutes trademark infringement under 15 U.S.C. § 1114. The CASSA mark used by Defendants, either individually or joint and severally, constitutes a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark and its use by Defendants is likely to cause confusion, or to cause mistake, or to deceive consumers.

34. Plaintiff has been damaged by Defendants' use of the CASSA mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the CASSA mark and any further marketing, developing, advertising, operating, managing, renting, or leasing of products, condominiums, houses, buildings, apartments or other real property bearing the CASSA mark.

35. Defendants have, either individually or joint and severally, wrongfully profited from their use of the CASSA mark through their marketing, developing, advertising, operating, managing, renting, or leasing of products, condominiums, houses, buildings, apartments or other real property bearing the CASSA mark.

36. Defendants' actions, as alleged herein, constitute willful infringement. Defendants' infringement continues despite their actual knowledge of Plaintiff's trademark

rights and, upon information and belief, is being done with the intent to cause confusion, mistake or deception among consumers.

37. Plaintiff is entitled to an injunction against Defendants from the continued use of the CASSA mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

38. Because Defendants knowingly and intentionally used counterfeits, copies, reproductions or colorable imitations of Plaintiff's marks, this is an exceptional case within the meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.

**AS AND FOR A SECOND CLAIM**
**AGAINST ALL DEFENDANTS**
**(False Designation of Origin 15 U.S.C. § 1125(a))**

39. Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "38" of the Complaint.

40. Plaintiff has common law trademark rights in the CASSA mark and its derivatives by virtue of its use of these marks in commerce in connection with real estate development, residential development, commercial property development and services, hotel and hotel services, and condominium development and the leasing and management of condominiums, hotels and apartments.

41. Plaintiff has built tremendous goodwill in its CASSA mark, which goodwill represents a substantial and valuable business asset.

42. Defendants have, either individual or jointly and severally, marketed, developed, advertised, operated, managed, rented, and leased, and continues to market, develop, advertise, operate, manage, rent and lease, condominiums, houses, apartments, and other real property using the CASSA mark. These goods and services are advertised or otherwise held out to the world through online, including at least through Defendants' websites, and in print.

43. Defendants' use of the CASSA mark is done without the authorization or consent of Plaintiff and constitutes false designation of origin, unfair competition, or false advertising under 15 U.S.C. § 1125(a). Consumers have been, and are likely to continue to be, confused, mistaken or deceived as to the origin of Defendants' goods and services, believing that such goods and services are those of Plaintiff, or are otherwise approved or sponsored by Plaintiff. Consumers are also likely to be deceived into believing that there is an affiliation, connection or association between Plaintiff and all Defendants.

44. Plaintiff has been damaged by Defendants' use of the CASSA mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the CASSA mark and any further marketing, advertising, designation or sale of products bearing the CASSA mark.

45. Defendants have wrongfully profited from their use of the CASSA mark through its development, sale, leasing, operation, designation and management of products bearing the CASSA mark.

46. Feyyaz Ocalan has aided and assisted Cassa Housing LLC, in the unauthorized exploitation of the CASSA mark on its websites, in its advertisements and marketing, and in other media for his own financial gain.

47. Defendants actions, as alleged herein, constitute willful infringement. Defendants' infringements have continued despite their actual knowledge of Plaintiff's trademark rights and, upon information and belief, have been done with the intent to cause confusion, mistake or deception.

48. Plaintiff is entitled to an injunction against Defendants from the continued use of the CASSA mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

49. Defendants' actions, as alleged herein, render this case an exceptional case within meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.

**AS AND FOR A THIRD CLAIM**
**AGAINST ALL DEFENDANTS**
**(Dilution Pursuant to NY Law)**

50. Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "49" of the Complaint.

51. Plaintiff is the sole holder and owner of the rights to the CASSA mark and those derived or otherwise related marks thereto.

52. The CASSA mark has become the means by which Plaintiff and its services are identified by the public and distinguish it from other businesses and services, and the CASSA Mark has come to symbolize a valuable good will for which Plaintiff enjoys.

53. The CASSA mark has acquired in connection with real estate development and construction of commercial, residential and hotel property as well as leasing of

real estate, real estate services, including condominium management services, rental of condominiums, hotel and hotel services, and development of residential properties, a secondary meaning and is associated in the public mind with and connotes Plaintiff.

54. The CASSA mark has a truly distinctive quality.

55. The CASSA mark has acquired secondary meaning.

56. Defendants' unauthorized use of the CASSA mark creates and has been creating an association, in the mind of the consumer, with Defendants and not Plaintiff causing a lessening of the distinctiveness of Plaintiff's CASSA mark.

57. Defendants' unauthorized use of the CASSA mark creates and is causing a likelihood of dilution.

58. As a result of the foregoing dilution, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff. Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

**AS AND FOR A FOURTH CLAIM**
**AGAINST ALL DEFENDANTS**
**(Unjust Enrichment)**

59. Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "58" of the Complaint.

60. Through Defendants' wrongful acts, either individually or joint and severally, Defendants received and used Plaintiff's property, i.e. the CASSA mark, to which Defendants were not entitled to use.

61. Defendants used the CASSA mark that rightfully belonged to Plaintiff.

62. If Plaintiff does not recover Defendants' profits or compensation for the use which Defendants have not paid, then Defendants will be unjustly enriched.

63. A benefit was bestowed upon Defendants who obtained such benefit without adequately compensating Plaintiff.

64. Circumstances are such that equity and good conscience requires that Defendants make payment to Plaintiff.

65. By reason of the foregoing, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff. Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

**AS AND FOR A FIFTH CLAIM**
**AGAINST ALL DEFENDANTS**
**(Consumer Fraud pursuant to GBL §349, *et seq.*)**

66. Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "65" with the same force and effect as if they were set forth at length herein.

67. Defendants' use of the CASSA mark without permission and passing them off as their own, perpetrates a fraud on consumers.

68. As a result of Defendants' actions, Defendants are in violation of New York State General Business Law §349, *et seq*.

69. By reason of the foregoing, Plaintiff suffered great damage and is entitled to all remedies of New York State's consumer fraud statutes, GBL §349, *et seq.*, costs, interest, and attorney fees.

**WHEREFORE,** Plaintiff demands judgment against all Defendants as follows:

A. For a judgment in favor of Plaintiff and against all Defendants as to the FIRST through FIFTH Claim;

B. For a preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, distributors, and all others in active concert or participation with Defendants, from using the CASSA mark, including, but not limited to, use of the mark on any residential, condominium, commercial or hotel properties, or in connection with the development, sale, leasing, management, and operation of residential, condominium, commercial or hotel properties, on Defendants' or their affiliates websites, social media, or in any advertisement, marketing, or promotion of Defendants' companies or their residential, condominium, commercial, hotel properties or any other real estate project;

C. For an order, pursuant to 15 U.S.C. §1118, directing that Defendants deliver for destruction all labels, signs, prints, brochures, receptacles, and advertisements or other materials in their possession or under their control, bearing the CASSA mark;

D. For an award of damages suffered by Plaintiff, plus any profits earned by Defendants as a result of their sales, leasing, managing, operating or renting of their properties bearing the infringing mark, in an amount to be proven at trial;

E. For an award of augmented or trebled damages or profits pursuant to 15 U.S. C. §1117;

F. For an award of attorneys' fees and litigation expenses and costs to the maximum extent allowed by law; and

G. Awarding Plaintiff such other and further relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York
April 24, 2017

Yours, etc.,
RICHARD J. MIGLIACCIO, ESQ.

/s/ Joel Scott Ray
By: Joel Scott Ray, Esq.
*Attorneys for Plaintiff*
410 Park Avenue, Ste. 1630
New York, New York 10022
Tel. (212) 239-9900 ext. 40

TO:

Feyyaz Ocalan
1075 S. Jefferson Street, Apt. # 106
Arlington, VA 22204

Cassa Housing LLC,
2111 Jefferson Davis Hwy, Ste. 4205
Arlington Va 22202